```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :
        Plaintiff              :
                               :
                               :
        v.                     :   CRIMINAL NO. 1:CR-05-390
                               :
                               :
JEROME STAPLES,                :
        Defendant              :
```

M E M O R A N D U M

I.  Introduction

  We are considering three pre-trial motions filed by the Defendant, Jerome Staples.  He has filed motions to strike the alleged alias from the indictment, bifurcate the trial, and dismiss the indictment.  For the following reasons, we will deny the motions.

II. Alias

  Staples contends that the alleged alias, "Banks," should be stricken from the indictment as its only purpose is to arouse suspicion and prejudice.  The Government argues that it intends to prove at trial that the Defendant was known by the alleged alias and that a number of the witnesses did not know Staples by his true name until after the criminal investigation began.

  Federal Rule of Criminal Procedure 7(d) allows a court to strike surplusage from the indictment upon a motion by the

defendant.  "The purpose of Rule 7(d) is to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in the indictment."  *United States v. Alsugair*, 256 F. Supp. 2d 306, 317 (D.N.J. 2003).  A Rule 7(d) motion is "rarely granted" as it must be "...clear that the allegations contained therein are not relevant to the charge made or contain inflammatory or prejudicial matter."  *Id*.

While an alias can be considered surplusage, there are also instances where it is appropriate to include it in an indictment.

> If the Government intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with the acts charged in the indictment, the inclusion of the alias in the indictment is both relevant and permissible, and a pretrial motion to strike should not be granted. However, if the prosecution either fails to offer proof relating to the alias or the alias, though proven, holds no relationship to the acts charged, a motion to strike may be renewed, the alias stricken and an appropriate instruction given the jury.

*United States v. Clark*, 541 F.2d 1016, 1018 (4th Cir. 1976)(internal citations omitted).  In the instant case, the Government has indicated that it intends to introduce evidence of the Defendant's alias and that the alias is how the Defendant was known to several of the witness.  Thus, we will deny Staples' motion.  The Defendant is free to renew his motion should the

Government fail to establish the relevancy of the alias to the acts charged.

III.  Bifurcation

The Defendant maintains that his trial should be bifurcated.  He requests that the jury first hear evidence regarding his alleged possession of firearms.  Then, if they find that he possessed the firearms in question, evidence should be presented concerning his prior felony record.  The Government contends that bifurcation is not appropriate in this instance.

In support of his position, Staples relies on the Third Circuit's opinion in *United States v. Joshua*, 976 F.2d 844 (3d Cir. 1994)(*abrogated on other grounds by Stinson v. United States*, 508 U.S. 36, 113 S. Ct. 1913, 123 L. Ed. 2d 598 (1993)).  In *Joshua*, the defendant had filed an unopposed motion to sever Count Four, felon in possession of a firearm, from the remaining three counts in the indictment.  *Joshua*, 976 F.2d at 846.  Instead of severing the counts, the district court bifurcated the trial so that the jury deliberated on the first three counts and then heard evidence on Count Four.  *Id*.  The Third Circuit reasoned that under the circumstances presented, the district court's decision was well within its discretion.  *Id*. at 848.  By bifurcating the trial, the district court was able to avoid any potential prejudice that the defendant might face by having the jury learn

3

of his previous criminal history while hearing evidence on the first three counts. *Id*.

The Government points to *United States v. Jacobs*, 44 F.3d 1219 (3d Cir. 1995), to support its position that bifurcation is not warranted. In *Jacobs*, the Third Circuit rejected the defendant's argument that his single-count indictment for felon in possession of a firearm should be bifurcated. Relying on opinions from the First, Ninth, and Eleventh Circuits, the Third Circuit found that it was correct for the district court to decline to bifurcate the elements of one count. *Id*. at 1222-3. The court specifically rejected the defendant's argument that *Joshua* should be extended to allow the severance of the elements of an offense. *Id*. at 1222.

We agree with the Government that bifurcation is not proper. We conclude that the Third Circuit's holding in *Jacobs*, not *Joshua*, is applicable to the instant case. While the Defendant is correct to note that he has been indicted on two counts, both counts are for violations of the same statute, 18 U.S.C. 922(g)(1). Thus, the potential for prejudice that existed in *Joshua* is not present. Further, as in *Jacobs*, he is asking us to sever the elements of an offense, not the two counts in the indictment. We will deny the Defendant's motion.[1]

---

[1] The court has had trials where the Defendant has stipulated his prior record, so that only evidence of possession

4

IV.   <u>Dismiss the Indictment</u>

The Defendant's final motion is to dismiss the indictment against him.  Having reviewed the arguments presented by Staples, we find that they lack merit.  We do, however, make these specific observations.

First, the state and federal governments operate as separate sovereigns.  "The 'dual sovereignty' doctrine rests on the premise that, where both sovereigns legitimately claim a strong interest in penalizing the same behavior, they have concurrent jurisdiction to vindicate those interests and neither need yield to the other."  *United States v. Pungitore*, 910 F.2d 1084, 1105 (3d Cir. 1990).  Thus, the United States has just as much interest in prosecuting Staples as did the Commonwealth of Pennsylvania.  Contrary to the Defendant's suggestion, there is no indication that the prosecution has been "shifted" to federal court because the state court proceedings were unfavorable.  In fact, the Defendant pled guilty in state court.  Second, we can find no authority to support Staples' contention that we should look to the internal guidelines of the Department of Justice (DOJ) to determine if the instant prosecution is warranted.  *See United States v. Beard*, 41 F.3d 1486, 1489 (11th Cir. 1995)(noting that the policy of the DOJ to refrain from dual prosecution is an

---

need be presented.

"...internal policy which confers no enforceable rights on a criminal defendant."). Finally, there is no indication that the United States was a party to the Defendant's state court plea agreement and it is unclear how it could have violated that agreement.

      We will enter an appropriate order.

                                /s/William W. Caldwell
                                William W. Caldwell
                                United States District Judge

Date: May 11, 2006

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :
        Plaintiff              :
                               :
                               :
        v.                     :   CRIMINAL NO. 1:CR-05-390
                               :
                               :
JEROME STAPLES,                :
        Defendant              :
```

O R D E R

AND NOW, this 11th day of May, 2006, it is Ordered that the Defendant's motions to strike the alleged alias from the indictment (doc. 22), bifurcate the trial (doc. 23), and dismiss the indictment (doc. 24) are denied.

/s/William W. Caldwell
William W. Caldwell
United States District Judge